1  JASON A. GELLER, SBN 168149
   E-Mail  jgeller@fisherphillips.com
2  RAYMOND W. DUER, SBN 317666
   E-Mail  rduer@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
4  San Francisco, California 94111-3712
   Telephone: (415) 490-9000
5  Facsimile: (415) 490-9001

6  Attorneys for Defendant
   MATSON NAVIGATION COMPANY, INC.,
7  erroneously named as MATSON, INC.

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 | JESUS "JESSE" JACOBO,                          | Case No:                                                                |
   |------------------------------------------------|-------------------------------------------------------------------------|
12 |              Plaintiff,                        | (From the Alameda County Superior Court Case No. RG20074266)            |
13 |     v.                                         |                                                                         |
14 | MATSON, INC., a Hawaii Corporation; and DOES 1 through 30, inclusive, | **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446** |
15 |                                                |                                                                         |
16 |              Defendants.                       | Complaint Filed:  September 15, 2020                                    |
17 |                                                | Trial Date:       Not Set                                               |

18

19 **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

20 **CALIFORNIA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

21         PLEASE TAKE NOTICE that Defendant MATSON NAVIGATION COMPANY, INC.

22 ("Defendant"), erroneously named as MATSON, INC., hereby removes the state action, Case

23 No. RG20074266, from the Superior Court of the State of California, County of Alameda, to the

24 United States District Court for the Northern District of California, pursuant to 28 U.S.C.

25 §§ 1332, 1441 and 1446.  Defendant's removal is based upon the following grounds:

26                        **JURISDICTION [LOCAL RULE 3-5]**

27         This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446, in that it is

28 a civil action wherein the amount of controversy exceeds the sum of seventy-five thousand

dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice. Furthermore, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1446.

## I.  THE STATE COURT ACTION

1.  This lawsuit arises out of Plaintiff JESUS "JESSE" JACOBO's ("Plaintiff") alleged employment with Defendant MATSON NAVIGATION COMPANY, INC. On September 15, 2020, Plaintiff filed an action against Defendant entitled *JESUS "JESSE" JACOBO v. MATSON, INC. et al.*, in the Alameda County Superior Court, Case No. RG20074266 ("Complaint" or "State Court Action").

2.  The Complaint asserts five causes of action for: (1) Violation of Government Code §§ 12940 *et seq.* (Discrimination and Harassment); (2) Violation of Government Code §§ 12940 *et seq.*; *Tameny v. Atlantic Richfield Company* (Failure to Prevent Discrimination and Harassment); (3) Violation of Labor Code §§ 98.6, 232, 232.5, 1102.5; Tameny v. Atlantic Richfield Company (Unlawful Retaliation in Violation of Public Policy); (4) Intentional Infliction of Emotional Distress; and (5) Wrongful Termination in Violation of Public Policy (*Tameny v. Atlantic Richfield Company*). (*See* Declaration of Raymond W. Duer ("Duer Decl."), at ¶ 2, Ex. 1, Compl.)

3.  The Complaint was served on Defendant by Defendant's acknowledgement of service of process on October 29, 2020, along with copies of the Summons; Civil Case Cover Sheet; Notice of Assignment of Judge For All Purposes; Notice of Case Management Conference and Order; The Superior Court of California County of Sacramento Program Case Notice; and The Superior Court of California County of Alameda Alternative Dispute Resolution Information Package. (Duer Decl. at ¶ 2, Ex. 1.)

4.  Defendant has filed an answer as its responsive pleading in the State Court Action as of the date of the filing of this Notice of Removal. (Duer Decl. at ¶ 3, Ex. 2.)

5.  As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter. Because no other defendant has

been served, they need not join or consent to Defendant's Notice of Removal. *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join the notice of removal).

## II.     TIMELINESS OF REMOVAL

6.     The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). Plaintiff served the Summons and Complaint on Defendant on October 29, 2020. (Duer Decl. at ¶ 2.) When service is made by mail using the procedure in Code of Civil Procedure section 415.30, service is "deemed complete on the date a written acknowledgment of receipt of summons is executed." Cal. Code Civ. Proc. § 415.30(c). Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the Summons and Complaint and within one year after commencement of this action.

## III.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD.

7.     In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196-1197 (9th Cir. 2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee, supra*, 135 S.Ct. at 553-554.

## IV.    THE U.S. DISTRICT COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446.

8.     **Plaintiff's Citizenship.** Plaintiff's Complaint asserts that Plaintiff is, and was at

1  all relevant times, a resident of the State of California.  (Duer Decl., Ex. 1, Compl. at ¶ 6.)  During
2  his employment, Plaintiff was domiciled in California.  (*See* Declaration of Rebecca Hardberger
3  ("Hardberger Decl."), at ¶ 7.)  Natural persons are domiciled in the places they reside with the
4  intent to remain or to which they intend to return.  *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853,
5  857 (9th Cir. 2001).  "[D]omicile once acquired is presumed to continue until it is shown to have
6  been changed." *Mitchell v. United States,* 88 U.S. 350, 353 (1875).  Plaintiff is therefore a citizen
7  of the State of California.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in
8  which he or she is domiciled).

9        9.  **Defendant Matson Navigation Company, Inc.'s Citizenship.**  A corporation is
10  deemed a citizen of the state in which it has been incorporated and where it has its principal place
11  of business.  28 U.S.C. § 1332(c)(1).  Regarding "principal place of business," the United States
12  Supreme Court has defined the phrase as "where a corporation's officers direct, control, and
13  coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[w]e
14  conclude that the phrase 'principal place of business' refers to the place where the corporation's
15  high level officers direct, control, and coordinate the corporation's activities").  This will be
16  "where the corporation maintains its headquarters." *Id*.

17        10.  Defendant is incorporated under the laws of the State of Hawaii.  (Hardberger
18  Decl. at ¶ 3, Ex. A.)  According to Defendant's articles of incorporation, its principal place of
19  business "shall be in Honolulu, State of Hawaii." (*Id*. at art. ii.)

20        11.  Defendant maintains its headquarters and principal place of business in Honolulu,
21  Hawaii, at 1411 Sand Island Parkway, Honolulu, HI, 96819.

22        12.  Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), Defendant
23  is a citizen of the State of Hawaii.

24        13.  **Doe Defendants' Citizenship.**  The Complaint also names as Defendants Does 1
25  through 30, inclusive ("Doe Defendants").  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship
26  of defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157
27  F.3d 686, 690-91 (9th Cir. 1998).  Accordingly, the citizenship of the alleged Doe Defendants
28  does not impact the diversity analysis for removal.

14.     Plaintiff did not name any other defendants besides Defendant MATSON NAVIGATION COMPANY, INC., erroneously named as MATSON, INC., and the Doe Defendants.

15.     Based upon the foregoing, diversity of citizensip is established at the time of the filing of Plaintiff's Complaint on September 15, 2020, and as of the filing of this Notice of Removal.  Plaintiff is, and was at all times throughout the relevant period, a citizen of California; Defendant is not and was not a citizen of California.  Defendant is, and was at all times throughout the relevant period, a citizen of Hawaii, and Plaintiff is not and was not a citizen of Hawaii.

**V.     THE AMOUNT IN CONTROVERSY EXCEEDS SEVENTY-FIVE THOUSAND DOLLARS.**

16.     **The Allegations Comprising Plaintiff's Complaint Exceed the Requisite Amount in Controversy.**  According to the caption on the face of the Complaint, Plaintiff's "DEMAND EXCEEDS $75,000."  (Duer Decl., Ex. 1, Compl.)

17.     In particular, Plaintiff asserts claims for (1) Violation of Government Code §§ 12940 *et seq.* (Discrimination and Harassment); (2) Violation of Government Code §§ 12940 *et seq.; Tameny v. Atlantic Richfield Company* (Failure to Prevent Discrimination and Harassment); (3) Violation of Labor Code §§ 98.6, 232, 232.5, 1102.5; Tameny v. Atlantic Richfield Company (Unlawful Retaliation in Violation of Public Policy); (4) Intentional Infliction of Emotional Distress; and (5) Wrongful Termination in Violation of Public Policy (*Tameny v. Atlantic Richfield Company*).  (Duer Decl., Ex. 1, Compl.)

18.     Plaintiff seeks damages including "compensatory damages;" "[c]ompensation for all wages lost due to the actions of Defendants;" "special damages according to proof;" and punitive damages;" as well as "penalties pursuant to all provisions of the Government Code and Labor Code referenced [in the Complaint] which provide for penalties;" and "costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein."  (Duer Decl., Ex. 1, Compl., Prayer for Relief.)

19.     Plaintiff's claims therefore exceed the requisite amount in controversy.

//

**VI.  NOTICE, SERVICE, AND OTHER REQUIREMENTS ARE MET.**

20.  This action was filed in the Superior Court of California for the County of Alameda.  Thus, venue properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 1391, and 1441(a).

21.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

22.  In the event this Court has a question regarding the proprietary of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal, and to produce further supporting evidence.

23.  WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court for the State of California, County of Alameda.

Dated:  November 25, 2020                                FISHER & PHILLIPS LLP


By:    /s/ *Raymond W. Duer*
JASON A. GELLER
RAYMOND W. DUER
Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.,
erroneously named as MATSON, INC.